IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01295-GPG

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

RICHARD RAEMISCH, Executive Director, Colorado Department of Corrections,
OFFICE OF THE INSPECTOR GENERAL, Colorado Department of Corrections,
INVESTIGATOR RICHARD WREN, Office of the Inspector General,
INVESTIGATOR SANCHEZ, Office of the Inspector General,
WARDEN LOU ARCHULETA, Fremont Correctional Facility, CDOC,
CAPTAIN PATRICK FHUERE, Fremont Correctional Facility, CDOC,
CASE MANAGER T. CHAVEZ, Fremont Correctional Facility, CDOC,
SERGEANT J. HANSEN, Fremont Correctional Facility, CDOC,
GARY CASSIO, CDOC,
PROPERTY OFFICER McCLEAN, Fremont Correctional Facility, CDOC,
OFFICER BUSTAMANTE, Fremont Correctional Facility, CDOC, and
UNION SUPPLY MEDIA/UNION SUPPLY GROUP, Rancho Dominguez, California,

    Defendants.

---

ORDER TO DISMISS IN PART AND
TO AMEND IN PART

---

On June 18, 2015, Plaintiff Delmart E.J.M. Vreeland, II, filed a Prisoner Complaint. He also has paid the $400 filing fee. Plaintiff is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Pursuant to 28 U.S.C. § 1915A and to D.C.COLO.LCivR 8.1(b)(2) and (3), this Court is required to review the pleadings of a prisoner, whether Plaintiff has paid the filing fee or not, when he is challenging prison conditions and seeking redress from a governmental entity, officer or employee, to determine if the pleadings should be summarily dismissed. Pursuant to this Court's initial review and the following findings, the Court will dismiss

the Complaint in part as legally frivolous and direct Plaintiff to amend the remaining claims in compliance with this Order.

First, the Complaint is deficient because Plaintiff has failed to assert personal participation by every named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Also, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

2

Plaintiff also cannot maintain claims against prison officials or administrators on the basis that they denied his grievances.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Also, the State of Colorado and its entities, such as the Office of the Inspector General or the Colorado Department of Corrections, are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."  *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law, but Plaintiff must assert a claim for prospective relief against individual state officers. *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997));  *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007).  Defendant Colorado Department of Corrections, therefore, is an improper party to this action.

Furthermore, Plaintiff's access to the courts claim must state a **sufficient** actual injury. *See Lewis v. Casey*, 519 U.S. 343, 351-52 (1996) (emphasis added).  Plaintiff is familiar with the actual-injury requirement. *See Vreeland v. Schwartz*, No. 14-1241, 7-8 (10th Cir. May 26, 2015).

Finally, to state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

For the reasons stated below, the Court will dismiss Plaintiff's property and segregation claims, set forth in Claim Three on Page Eighteen and in C. Nature of the Case section on Pages Ten through Thirteen, as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional." *Id.*  Plaintiff's property and segregation claims are clearly baseless.

The United States Constitution guarantees due process when a person is

4

deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available).

A prison grievance procedure is an adequate post deprivation remedy if the grievance procedure provides a meaningful remedy. *See Hudson*, 468 at 536 & n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982). If an administrative remedy exists, it has a "presumption of adequate due process" that "may stave off a facial attack." *Freeman v. Dep't of Corrs.*, 949 F.2d 360, 362 (10th Cir. 1991). In order to overcome the presumption of adequacy, the complaint must state "specific facts" showing that the remedy was "unresponsive or inadequate." *Id.*; *see also Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) (affirming dismissal of plaintiff's due process deprivation of property claim, stating that "[i]n order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy"). Plaintiff also has an adequate remedy available in state court under state law. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo. Aug. 25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court.") (internal citations omitted).

Plaintiff does not assert that the DOC grievance procedure was unresponsive or

inadequate with respect to the loss of his property. He, in fact, claims that he filled out all forms and took all actions to resolve the issue, but his grievance was denied. Just because his grievance procedure or appeal was not decided in his favor does not equate to an unresponsive or inadequate remedy. Plaintiff's property claim, therefore, fails to assert a meritorious claim and will be dismissed as legally frivolous.

To the extent Plaintiff is challenging his placement in segregation for nine days, "a liberty interest exists only when . . . an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Meek v. Jordan*, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether (1) the conditions relate to and further a legitimate penological interest; (2) the conditions are extreme; (3) the conditions increase the duration of confinement; and (4) the conditions are indeterminate. *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

Nothing Plaintiff asserts demonstrates that his nine-day placement in segregation was extreme, indeterminate, or increased the duration of his confinement. The Tenth Circuit has found that placement in punitive segregation or on restricted privileges for a time period longer than Plaintiff's sanction did not constitute an atypical and significant hardship. *See, e.g., Grady v. Garcia*, 506 F. App'x 812, 814 (10th Cir. 2013) (inmates placement on restricted privileged status for 105 days did not constitute an atypical and significant hardship when compared to the ordinary incidents of prison life); *Meek*, 534 F. App'x at 765 (finding that sixty days in punitive segregation as a disciplinary sanction did not implicate a protected liberty interest). The nine-day segregation placement

entered against Plaintiff did not violate his liberty interest.  This claim, therefore, will be dismissed as legally frivolous.  Accordingly, it is

ORDERED that the Prisoner Complaint is dismissed in part pursuant to 28 U.S.C. § 1915A(b)(1) for the reasons stated above.  It is

FURTHER ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Prisoner Complaint, with respect to the remaining claims, that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  Plaintiff must use a Court-approved form to file the Amended Prisoner Complaint.

FURTHER ORDERED that if Plaintiff fails to file an Amended Prisoner Complaint that complies with this Order, within the time allowed, the Court will proceed to address the merits of only the remaining properly asserted claims in the Prisoner Complaint that Plaintiff submitted to the Court on June 18, 2015.

DATED August 12, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court